

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. M. Tucker
County Attorney
Collingsworth County
Wellington, Texas

Dear Sir:                    Opinion No. O-5119
                             Re: Collingsworth County Stock Law
                                 is invalid.

        Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

        "Please submit an opinion as to the validity
    of the County Wide Stock Law in Collingsworth
    County, Texas, attempted to have been passed in
    1924; the facts are as follows:

        "On February 11th, 1924, a county wide elec-
    tion was ordered to be held in such county to de-
    termine whether or not, Hogs, Sheep and Goats
    should be permitted to run at large. Said elec-
    tion was held on the 29th day of March, 1924,
    and it appearing from the record that all the pro-
    visions of Articles 6932, 6933 and 6934 were duly
    complied with, but, at that time, R. H. Templeton,
    County Judge, Roy Nolas, County Clerk, and P. W.
    Myers, Justice of Peace in and for Prec. No. 1,
    in said county, came together and opened, tabu-
    lated and counted the returns of said election,
    and declared the results in favor of prohibiting
    the running at large of hogs, sheep and goats in
    said county;

        "Whereas, Article 6936 R.V.C.S. as amended
    2nd C.S. 1919, makes the following provisions:

        "Quote' The returns shall be opened, tabu-
    lated and counted by the commissioners court of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the county in the same manner as provided for all
general elections in this State'. Citations, 105
S. W. 539; 244 S.W. 609;

"Art. 6946. Elections Validated, provides
as follows:

"Quote 'All elections held in any county in
this State for the purpose of determining whether
or not hogs, sheep or goats shall be permitted to
run at large in such county or subdivision as pro-
vided in this chapter, wherein the petition was
filed, orders of the election made by the commis-
sioners court, notice thereof given, such election
held and a majority of the freeholders voting at
such election, voted in favor of the same, and
such election may have been invalidated by failure
of some ministerial officer to perform the duties
required of him, the same is hereby in all things
validated, and shall be by each court of this
State held to be valid elections just the same
as if the officers charged with the duty of open-
ing, tabulating and counting the votes, had com-
plied with the law, as provided in this chapter'.
(Acts 2nd C.S. 1919, p. 150)

"QUESTION:

"In view of the above and foregoing facts,
was the election held in 1924 a valid election,
even though same was held after the passage of
Arts. 6936 and 6946. each above quoted.

"My personal idea is that said election is
not a valid election, and that another election
should be ordered and held, and the provisions of
Art. 6936 complied with. Is my contention correct?

". . . ."

Article 7220 of the Revised Civil Statutes of Texas
of 1911, dealing with the election returns on stock law elec-
tions, provided:

"The returns shall be opened, tabulated and
counted by the County Judge in the presence of the

County Clerk and at least one justice of the peace of the county, or two respectable freeholders of the county."

The case of Texas Electric Ry. Co. v. Reese, 280 S.W. 179, Texas Commission of Appeals, construed Article 7220, 1911 statutes, supra. We quote from the court's opinion as follows:

". . . the opening, tabulating and counting of the returns of the election appear affirmatively to have been by the commissioners' court, and not by the county judge, as required by Article 7220, Vernon's Sayles Texas Civil Statutes 1914, for which reason the law never became effective. King v. State (Tex. Cr. App.) 74 S.W. 773."

Also to the same effect, see the case of Gulf, C. & S. F. Ry. Co. v. Campbell, 105 S. W. 539, which construed Art. 4989, R. C. S. 1897, which read the same as Article 7220, R. C. S. 1911.

Article 7220, R. C. S. of 1911, was amended by H. B. 84 of the 36th Legislature of Texas, 2nd Called Session, p. 150-1. Said H.B. 84 reads as follows:

"H. B. No. 84.)

"An Act amending Article 7220 of the Revised Civil Statutes of 1911; providing that the returns of elections, for preventing hogs and certain other animals from running at large, shall be tabulated and counted in the same manner as provided for all general elections in the State of Texas; and further validating all such elections held in any county of this State, where such election has been held upon proper petition presented to the commissioners' court, upon proper order and notice of such election, and where a majority of the free-holders voting at such election have voted in favor of same, and declaring an emergency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"SECTION 1. That Article 7220 of the Revised Civil Statutes of the State of Texas be amended so

as to hereafter read as follows:

"Article 7220. The returns shall be opened, tabulated and counted by the Commissioners' Court of the County in the same manner as provided for all general elections in the State of Texas.

"SEC. 2. That all elections held in any county in this State for the purpose of determining whether or not hogs, sheep or goats shall be permitted to run at large in such county or subdivision as provided in Chapter 5 of the Revised Civil Statutes of Texas, wherein the petition was filed, orders of the election made by the Commissioners' Court, notice thereof given, such election held and a majority of the freeholders voting at such election, voted in favor of same, and such election may have been invalidated by the failure of some ministerial officer to perform the duties required of him, be, and the same is hereby in all things validated, and shall be, by all of the courts of this State, held to be valid elections, just the same as if the officers charged with duty of opening, tabulating and counting the votes should have complied with the law, as provided in said Chapter 5 of the Revised Civil Statutes of Texas.

"SEC. 3. The crowded condition of the Calendar and the fact that there is now no adequate law on this subject on the Statute books of Texas, both create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended, and said rule is hereby suspended, and that this Act take effect ane be in force from and after its passage, and it is so enacted.

"(Note: H. B. No. 84 passed the House of Representatives on July 14, 1919; and passed the Senate on July 18, 1919, but no vote given in either.)

"Approved July 28, 1919.
"Became effective July 28, 1919."

H. B. 84, supra, was carried forward and placed in the Revised Civil Statutes of Texas, 1925, and now appears as Articles 6936 and 6946 of the 1925 statutes.

The case of Johnson v. State, 244 S. W. 609, construed H. B. 84, supra. This case definitely held that for a stock law election to be valid the commissioners' court of the county must open the returns and count and tabulate the votes.

It is our opinion under the facts stated that the Collingsworth County Stock Law is invalid.

It is our further opinion that Article 6946, R.C.S., (enacted in 1919) cannot validate the stock law voted in 1924.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/

Wm. J. Fanning
Assistant

WJF:mp

APPROVED MAR 17, 1945
Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B.W.B CHAIRMAN

WJF:mw